Dear Mr. Doody:
This office is in receipt of the request you made for an Opinion from the Attorney General concerning the propriety and legality of a certain provision contained in the By-Laws of the Board of Commissioners of the Southeast Louisiana Flood Protection Authority — East ("Authority"). Your concerns and the Attorney General's responses to those concerns are presented as follows:
 1. WHETHER ARTICLE III, § 8(B) OF THE BY-LAWS OF THE BOARD OF COMMISSIONERS OF THE SOUTHEAST LOUISIANA FLOOD PROTECTION AUTHORITY — EAST IS A PERMISSIBLE AND LEGALLY ENFORCEABLE INTERPRETATION OF THE PHRASE "ATTENDANCE ON THAT BODY" FOUND IN LA.REV.STAT. § 38:330.1(L), THE PROVISION IN THE AUTHORITY'S ENABLING LEGISLATION REGARDING PER DIEM TO BE PAID TO AUTHORITY'S MEMBERS?
For the reasons articulated below, this Department is of the opinion that Article III, § 8(B) of the Authority's By-Laws is a permissible and legally enforceable interpretation of *Page 2 
the phrase "attendance on that body" found in LA.REV.STAT. § 38:330.1(L), the provision in the Authority's enabling legislation regarding per diem
to be paid to the Authority's members.
The Authority was created pursuant to the passage of LA.REV.STAT. § 38:330.1.[1] LA.REV.STAT. § 38:330.1(L) delineates the manner in which per diem remuneration for the Authority's board members is determined:
 L. In lieu of the compensation provided in R.S. 38:308, the members of the board shall receive a per diem equal to the rate allowable for per diem under Section 162(h)(1)(B)(ii) of Title 26 of the United States Code for its official domicile during their attendance on that body. In addition to the per diem, each member shall be paid a mileage allowance for going to and from meetings and for other travel authorized by the board equal to the rate established as the standard mileage rate for business travel for purposes of Section 162(a) of Title 26 of the Unites States Code.[2]
The Louisiana Legislature thus passed into law a statute which pertinently provides that in lieu of the compensation specifically delineated in LA.REV.STAT. § 38:308, the members of the Authority's board of commissioners shall receive a per diem equal to the rate allowable under 26 U.S.C. § 162(h)(1)(B)(ii) for its official domicile during their "attendance on that body".[3] Unfortunately, the phrase "attendance on that body" is ambiguous and in need of analysis.
This ambiguity led us to analyze that particular phrase. Our research failed to produce anything which would otherwise indicate the Authority's interpretation of the phrase "attendance on that body" (i.e., to mean attendance at regular, special, and committee meetings) is contrary to established law or custom. Nor does the Authority's interpretation appear contrary to a common sense reading of the phrase. *Page 3 
As the result of LA.REV.STAT. § 38:330.1's passage, the Authority promulgated By-Laws which were adopted and made effective on May 2, 2007.[4] These By-Laws include Article III, § 8(B). Article III, § 8(B) more precisely defines the per diem members of the Authority's board of commissioners receive:
 B. Per Diem. Board members shall receive a per diem equal to the rate allowable for per diem deduction under Section 162(h)(1)(B)(ii) of Title 26 of the United States Code for their attendance at regular, special and committee meetings, not to exceed one committee meeting per month.[5]
We interpret Art. III, § 8(B) to mean that each board member shall receive a per diem (equal to the for per diem deduction under Section162(h)(1)(B)(ii) of Title 26 of the United States Code) for their attendance at every regular meeting, every special meeting, and committee meetings so long as those committee meetings do not exceed one (1) committee meeting per month. We find this interpretation comports with LA.REV.STAT. § 38:330.1(L), is consistent with established law and custom, and applies a common sense approach to the phrase.
And so as to assuage your concerns, we are unaware of any legal impediment prohibiting the board to pay per diem to its members for their attendance at one (1) committee meeting per month in addition to the per diem they receive for attending the regularly-scheduled, monthly board meeting.
If we may be of further assistance, please do not hesitate to contact the undersigned.
 Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 ____________________________ DAVID A. YOUNG Assistant Attorney General
 CCF, JR:DAY
[1] LA.REV.STAT. § 38:330.1 was passed into law after the 1st Executive Legislative Session of 2006. Pursuant to LA.REV.STAT. § 38:330.1(B), the Authority became operational on January 1, 2007.
[2] LA.REV.STAT. § 38:330.1(L).
[3] It is of interest to note LA.REV.STAT. § 38:330.1(L) was recently amended (by H.B. 413, 2007 Leg., Reg. Sess. (La. 2007)) to include LA.REV.STAT. § 38:330.1(L)(2). LA.REV.STAT. § 38:330.1(L)(2) exclusively governs the Southeast Louisiana Flood Protection Authority — West and provides for the per diem its members receive (i.e., "per diem equal to the rate allowable for per diem deduction under Section 162(h)(1)(B)(ii) of Title 26 of the United States Code for its official domicile for each day such member is in actual attendance at a meeting of the board or one of its committees or performing duties authorized by the board"). LA.REV.STAT. § 38:330.1(L)(1), which pertains to the Southeast Louisiana Flood Protection Authority — East remained unchanged other than to designate it as "(L)(1)".
[4] A copy of said By-Laws was graciously provided by you in support of your instant request.
[5] By-Laws of the Board of Commissioners of the Southeast Louisiana Flood Protection Authority — East, Art. III, § 8(B).